BEFORE THE SECOND DIVISION, JANUARY 9, 1947

**No. 51507.—Protests 111458–K, etc., of Strauss-Eckardt Co., Inc. (New York).**

TILSON, Judge: This suit involves the proper classification of certain muffs for children which were classified as articles of wearing apparel in chief value of rayon and duty levied thereon at the rate of 45 cents per pound plus 65 percent ad valorem under the provisions of paragraph 1312, Tariff Act of 1930. The plaintiff claims the same to be properly dutiable at only 70 percent ad valorem under paragraph 1513 of said act, as toys.

The following significant language is to be found in the concluding portion of said paragraph 1513:

\* \* \* As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

At the trial of the case an illustrative sample of the merchandise was admitted in evidence and the plaintiff then offered the testimony of two witnesses. The first witness testified that he had been vice president of the plaintiff corporation for 15 to 18 years and that he had been associated with the concern for over 25 years; that he had been familiar with the business practices of the concern from day to day; that up until "the beginning of the war" the plaintiff was engaged in the business of importing toys and manufacturing Christmas tree ornaments, dolls, and some chinaware and novelties; that toys were a substantial part of their business, and that these were sold in the markets "All over the United States and to Puerto Rico." "Our main business was done with syndicate stores, department stores, and wholesale houses." He also testified that this class of merchandise was sold to toy buyers "I should say at least 75 to 80 percent were

sold to toy buyers," but that he had never seen merchandise like the illustrative exhibit herein in use anywhere.

The second witness to testify for the plaintiff had been associated with the Victor Eckardt Toy Co. for more than 10 years. He testified that illustrative exhibit A was one of their items and that his concern makes goods like that; that he had sold goods like that herein in the markets throughout the United States "and some went to Cuba and to Puerto Rico, and to South America," but he was unable to say that he had seen such merchandise used by children or people; that he had sold such merchandise to the toy trade, toy jobbers, department store buyers, and chain store buyers, and that all these sales had been made to toy buyers. He also testified that once each year a toy fair is held in New York City, at which time this and similar merchandise is exhibited for sale·and orders taken for the same.

The above testimony fairly establishes that the greater portion of merchandise, such as and similar to that here in question, which was handled by the two witnesses, was sold to toy dealers, but this is not sufficient to establish that the merchandise was chiefly used for the amusement of children, or that it belonged to a class which was chiefly used for the amusement of children. It should be remembered that the collector classified this merchandise as wearing apparel and not as toys. The presumption arising from such classification is that the collector found that the merchandise was not chiefly used for the amusement of children. The onus of showing that the merchandise was so used rested upon the plaintiff.

As supporting his contention herein, counsel for the plaintiff quotes the following from *Klipstein* v. *United States*, 1 Ct. Cust. Appls. 122–124:

·* * * Importers and merchants are naturally desirous of increasing the number of their customers and the demand for the goods in which they deal, and as they have every incentive for knowing the uses to which their wares are or may be put it is only fair to assume, at least *prima facie*, that the only uses known to them are the only uses of such wares.

We accept the above quotation as a correct statement of the law, but we are unable to apply the principle here because the plaintiff offered no evidence as to the use of the merchandise, both of plaintiff's witness stating that they did not know the uses to which the merchandise was put.

Counsel for the plaintiff also relies upon *Meyer* v. *Cadwalader*, 49 Fed. 26, as supporting their position herein. In that case, the court, in charging the jury, said:

In considering the question of chief use, it is your duty to give more attention to the course of trade in the original distribution of the goods among those who import them than to the guesses of individuals as to the various uses to which the articles may be put by individual consumers.

In the instant case the defendant's witness testified to seeing the merchandise actually used, whereas the witnesses for the plaintiff stated that they had never seen it used. In deciding the question of chief use in this case, we are not required to accept as evidence the "guesses" of witnesses. The witnesses in this case either knew how the merchandise was used or they did not know how it was used, and since both of plaintiff's witnesses stated that they had never seen it used, it is apparent that any statement made by them as to how it was used would be nothing more than a guess. The lack of knowledge on the part of a witness testifying as to the use of merchandise cannot be supplied or cured by showing that he sold the merchandise to a certain class of dealers, or to dealers who dealt only in a certain class of merchandise. The purchase of wearing apparel by a toy buyer would not *ipso facto* make the merchandise a toy.

A careful consideration of the testimonial record in connection with the sample in evidence herein fails to establish that the involved merchandise is chiefly used

for the amusement of children. True, the muffs are used by children, but this use is for the primary purpose of keeping their hands warm. Moreover, the congressional definition of a toy does not include everything that is used by a child, or by children, but is limited to such articles as are chiefly used for the amusement of children. *United States* v. *Calhoun, Robbins & Co.*, 21 C. C. P. A. 167, and *United States* v. *Woolworth*, 24 C. C. P. A. 338.

In *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, our appellate court in construing the agricultural implements paragraph, observed:

All these considerations imply and necessitate that the use of the implement must determine its classification whether or not an agricultural implement within the paragraph, and that that use, and the determinative fact, is chief use.

For the reasons stated all claims of the plaintiff are overruled. Judgment will be rendered accordingly.